## CROSS, AUSTIN & IRELAND LUMBER CO. v. GOODWIN.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

GUARANTY (§ 43*)—CONSTRUCTION—SCOPE OF LIABILITY.

Defendant, in consideration of the delivery of certain trim, sash, doors, etc., to a builder, and for the purpose of giving the builder credit, guaranteed to pay the value thereof to plaintiff. It was necessary to manufacture the articles to order, and part of them were held in storage at the builder's request. Before they were actually delivered the builder defaulted and abandoned the work; plaintiff standing ready to turn over the goods at any time to any one able to pay for them and relieve defendant. *Held*, that plaintiff's conduct constituted such a constructive delivery as to hold defendant liable; the contract not requiring actual delivery, even in behalf of one standing as a surety.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 53; Dec. Dig. § 43.*]

Appeal from Trial Term, Kings County.

Action by the Cross, Austin & Ireland Lumber Company against Richard Goodwin. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Edward T. Horwill, for appellant.

Robert H. Wilson, for respondent.

WOODWARD, J. Frank Brettell was engaged in building certain houses on Degraw street, Brooklyn, and applied to the plaintiff to furnish him the trim required for these houses. The plaintiff refused to grant credit, or to manufacture the same for him, upon his own responsibility, and insisted upon a guaranty, whereupon the defendant, who held a mortgage upon the property where the houses were in course of construction, entered into the following contract:

"Brooklyn, N. Y., October 13, 1903.

"Cross, Austin & Ireland Lumber Company, Grand Street & Gardner Avenue, Brooklyn, N. Y.—Gentlemen: Please deliver to Mr. Frank Brettell, of No. 230 Lefferts avenue, Richmond Hill, Long Island, trim, sash, doors, etc., as per contract, for four houses in the sum of two thousand dollars ($2,000), and for five houses in the sum of two thousand five hundred dollars ($2,500), required for houses he is building in Degraw street, near Albany avenue, Brooklyn, New York; and in consideration of the delivery of the aforesaid trim, sash, doors, etc., to the said Frank Brettell, and for the purpose of giving him credit for the same, I hereby guarantee, promise, and agree to pay the amount in value of such trim, sash, doors, etc., upon demand.                    Richard Goodwin."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The materials called for for the $2,000 group appears to have been delivered and paid for. The plaintiff went forward with the work of manufacturing the materials for the second group, and had completed them to the value of $1,900, holding them in storage at the request of Brettell, when it came to the knowledge of the plaintiff that the latter had abandoned the work. The plaintiff then, for the purpose of making its claim as small as possible, ceased work on the order, and subsequently demanded payment of its claim for the materials which had been completed. The defendant, without denying liability, entered into an arrangement, through his attorney, for a delay in the payment of the claim, pending a foreclosure of the mortgage upon the premises, but finally declined to carry out the agreement, and on the trial of this action, and upon this appeal, contends that he is not liable under the written guaranty above set forth, on the ground that the agreement to pay was based upon the condition of delivery of the goods to Brettell.

We are of the opinion that the fair reading of this contract, in connection with the surroundings of the parties, forbids this narrow construction, even in behalf of one who stands as a surety. The contract is that:

"In consideration of the delivery of the aforesaid trim, sash, doors, etc., to the said Frank Brettell, and for the purpose of giving him credit for the same, I hereby guarantee," etc.

The materials demanded by the contract had to be manufactured. The plaintiff was not willing to manufacture them and rely upon Brettell taking them, and it was for the purpose of inducing the plaintiff to manufacture and deliver the same that the guaranty was made, and the fact that the plaintiff acted in good faith in manufacturing the goods, up to the time that it learned that Brettell had defaulted in his contract of construction, and then stopped work to prevent the loss being larger than necessary, entitles it to consideration here. The evidence shows that the plaintiff was ready to deliver the goods, that it merely held them in storage at the request of Brettell until he should need them, and that the plaintiff was willing at all times to deliver the same to any one who was in a position to pay for the same, and thus relieve the defendant; and we are of the opinion that this constituted such a constructive delivery as to hold the defendant liable. Under the guaranty, if the plaintiff had actually delivered the goods to Brettell, and the latter had sold them to a third party, the defendant would have been liable. He is in a much better position now. He has only to pay the amount due and come into the ownership of the property; and, having fairly contracted for just what has occurred, he is in no position to avoid his obligations upon a narrow construction of the language of the contract, and thus defeat its spirit.

The judgment and order appealed from should be affirmed.

Judgment and order affirmed with costs. All concur.